## Appellate Department, Superior Court, Fresno

[Civ. A. Nos. 49, 50.   Aug. 5, 1957.]

THE PEOPLE, Respondent, v. DAVID J. HOULE et al., Appellants.

[Two Cases.]

A. A. George for Appellants.

Robert M. Wash, County Counsel (Fresno), for Respondent.

DeWOLF, J.—Because the facts and law involved in each of the two above named appeals, Numbers 49 and 50, are identical, it is ordered that they be consolidated for the purpose of this opinion and judgment.

The undisputed facts are as follows:

The defendant was arrested on two separate complaints charging traffic violations. On November 15, 1956, a bail bondsman secured his release by posting two separate bonds, one a $75 surety bond and another, a $100 surety bond. At the time the defendant was released on bail he was ordered to appear in court on November 21, 1956. The defendant failed to appear in court on November 21, 1956, and the court thereupon ordered that each of the two bonds be forfeited. His failure to appear on the day his bonds were forfeited was without excuse. Defendant continued at liberty on bail until December 7, 1956, at which time he was arrested in the city

of Stockton, California, and from December 7, 1956, was continuously in the custody of the civil authorities of this state, either in Stockton or in the state prison at San Quentin until, and after, February 15, 1957, the date on which the appellant filed his motion in the Fresno Municipal Court to set aside each of the orders forfeiting each of the two bonds mentioned.

The respondent concedes that the failure of the defendant to appear in court on November 21, 1956, was not due to any connivance on the part of the bail and that the bondsmen at all times have cooperated with the authorities in attempting to apprehend the defendant.

Section 1305 of the Penal Code provides certain grounds which authorize a court to set aside an order declaring a forfeiture of a bond. That section reads as follows:

"If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited. But if at any time within 90 days after such entry in the minutes, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 90 days after such entry in the minutes, it be made to appear to the satisfaction of the court that the defendant is dead or is physically unable, by reason of illness or insanity, or by reason of detention by civil or military authorities, to appear in court at any time during said 90 days, and that the absence of the defendant was not with the connivance of the bail, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."

A study of this section leads this court to conclude that there are two main categories of reasons which would authorize a court to set aside an order forfeiting a bail bond. The first category of reasons, contained in the first sentence of the section, obviously does not apply to this case because it requires that both *the bail and the defendant* appear in court and satisfactorily excuse the defendant's neglect or show,

to the satisfaction of the court, that the absence of the defendant was not with the connivance of the bail, etc. This, of course, was not done because the *defendant* did not appear with his bail to make any explanations and excuses. The appellant, therefore, must rely upon the second category of reasons, which are contained in the last sentence of the section, if he is to prevail in these appeals. In order to comply with the requirements in this last sentence, it must be made to appear to the satisfaction of the court that the defendant is dead or is physically unable, by reason of illness or insanity, or by reason of detention by civil or military authorities, to appear in court at any time during said 90 days which is allowed the appellant in which to file a motion to set aside the forfeiture. Obviously, the defendant was not dead, and there is no showing that he was physically unable, by reason of illness or insanity, to appear. We are, therefore, only concerned with that portion of the section which provides that, if his failure to appear was by reason of detention of civil authorities, the appellant might have the forfeiture of the bond set aside.

Again, the appellant cannot meet the requirements. The appellant cannot show that the defendant was unable to appear *at any time* during the 90 days following the order of forfeiture. It is perfectly apparent that from the time the defendant was released on bail, November 15, 1956, until the time he was taken into custody by the Stockton authorities, December 7, 1956, the defendant was able to appear in the court, both on the day he was ordered to appear and on all subsequent days up to December 7, 1956.

The appellant would have us hold that the court should set aside the order of forfeiture if it be shown that during the said 90-day period there was any one day or days that the defendant was unable to appear in court because of the fact that he was detained by civil authorities of this State. In other words, appellant urges that if the defendant was free and able to appear for the first 89 days of the 90-day period, but was placed in custody on the 90th day, and therefore was unable to appear on that day, that the order forfeiting the bond should be set aside.

We do not believe that this was the intention of the Legislature. It is our opinion that, in order to comply with the requirements of the last sentence of section 1305 of the Penal Code, the bail must show that there is a satisfactory reason

for defendant's not appearing during the full period of the 90 days mentioned in said section.

In other words, if the defendant is able to appear in court at any time during the 90 days and does not do so, the court would not be justified, under section 1305 of the Penal Code, to set aside the order forfeiting the bond. For these reasons, each of the judgments of the municipal court are affirmed.

Shepard, P. J., and Popovich, J., concurred.